UNITED STATES DISTRICT COURT
for the
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| ROBERT L. BARKLEY,<br><br>                     Plaintiff,<br><br>- against -<br><br>STACKPATH, LLC, et al<br><br>                     Defendants | **CIVIL ACTION**<br><br>File No.: 1:21-cv-3763<br><br>**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** |

Plaintiff Robert Barkley ("Plaintiff") hereby moves the Court for an order pursuant to Rule 15 of the Federal Rules of Civil Procedure for Leave to file an Amended Complaint, a copy of which is attached to the notice of motion. The proposed 2nd Amended Complaint maintains the same counts against the defendants from the original complaint, but adds some additional factual allegations in response to the Defendants' Motion to Dismiss for Failure to State a Claim under FRCP 12(b)(6). The Court should grant leave to amend for the reasons set forth below.

STATEMENT OF FACTS.

On September 10, 2021, Plaintiffs filed his Complaint asserting that he had been unlawfully terminated from his job based on his age in violation of

the federal Age Discrimination in Employment Act, 29, U.S.C. 623, et seq. His complaint also includes two state law tortious interference claims, and a state law "conspiracy to interfere" claim.

Plaintiff promptly discovered that he had improperly listed Defendant Turco's service address, and filed an Amended Complaint on September 24, 2021 to correct that address and to relieve and prevent harm to the party who had been attempted to be served at the incorrect address.  Since then, all parties have been served and Defendants filed a Motion to Dismiss for Failure to State a Claim under F.R.C.P. 12(b)(6).  Following review of that motion, Plaintiff now seeks to amend his complaint to address certain perceived deficiencies noted by the Defendants.

ARGUMENT

PLAINTIFFS HAVE MET THE STANDARD FOR OBTAINING LEAVE TO FILE AN AMENDED COMPLAINT UNDER FEDERAL RULES OF CIVIL PROCEDURE.

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15  The grant or denial of an opportunity to amend is within the discretion of the District Court. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.

Ct. 227, 230, 9 L. Ed. 2d 222 (1962) "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Id*.

Generally, "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001)(reversing denial of first requested leave to amend despite prior "as a matter of course" amendment)

After careful review and examination of the arguments of counsel, Plaintiff has determined that it is appropriate to file an amended complaint in order to include certain factual allegations supporting the claims in the complaint.

None of the factors militating against granting the motion to amend is present here. *Foman* at 182 The original amendment was filed only to remedy a misstated service address for Defendant Turco, and to relieve

further service attempts at that wrong address.  Plaintiff filed this motion for leave within the period prescribed by the Court for filing an amended complaint "as a matter of course" following Defendants' Motion to Dismiss. Thus, there is no undue delay in Plaintiffs' request for leave to amend. Plaintiff is not seeking an amendment in bad faith or with a dilatory motive.

    The interests of justice and judicial economy will undoubtedly be served by having all allegations properly before the Court as set forth in Plaintiff's proposed amended complaint.  The amended allegations are narrowly tailored to reflect counsel's present understanding of the facts at issue in this case.  By amending now, the action can proceed more effectively on its merits, and avoid a decision on mere technical issues.

    Moreover, were the motion to dismiss granted on the grounds alleged, Plaintiffs would simply bring another motion for leave to amend following such dismissal, thereby causing the court as well as Defendants to incur twice the time, effort and expense involved here.[1]

---

[1] This Circuit has noted that "[a] grant of leave to amend is particularly appropriate following dismissal of a complaint for failure to state a claim." *Thomas v. Farmville Mfg. Co.*, 705 F.2d 1307, 1307 (11th Cir. 1983)

Defendants will not suffer any undue prejudice by virtue of the Court's allowance of the proposed amended complaint. The determination of whether prejudice would occur often includes assessing whether allowing an amendment would result in additional discovery, cost, and proportion to defend against new facts or new theories. Defendants cannot be prejudiced, or caught off guard, by any additional facts alleged by the plaintiffs in the proposed amended complaint, since the nature of the claims has not changed and discovery has not yet commenced.

Finally, Plaintiffs' request for leave to amend the complaint is not futile, as Plaintiffs have alleged sufficient facts to state a claim for relief that is facially plausible.

Dated: November 10, 2021                /s/David E. Oles, Sr.

                                                  David E. Oles, Sr.
                                                  Attorney for Plaintiff
                                                  Georgia Bar No. 551544
                                                  5755 Northpoint Parkway
                                                  Suite 25
                                                  Alpharetta, GA 30022
                                                  (770) 753-99995
                                                  firm@deoleslaw.com

# CERTIFICATE OF SERVICE

This is to certify that I have this day filed PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND**,** electronically with the Clerk of Court using the CM/ECF system, which will send an electronic copy of the following to Defendants' attorneys of record as follows:

**Christina M. Baugh, Esq.**
Barnes & Thornburg LLP
3475 Piedmont Road N.E.
Atlanta, GA 30305-3327
404-264-4026
404-264-4033 fax
Email: cbaugh@btlaw.com

**Mike Birrer, Esq.**
Carrington, Coleman, Sloman & Blumenthal, L.L.P.
901 Mian Street, Suite 5500
Dallas, TX 75202
214-855-3000
214-580-2641 fax
Email: mbirrer@ccsb.com

**Debrán O'Neil, Esq.**
Carrington, Coleman, Sloman & Blumenthal, L.L.P.
901 Mian Street, Suite 5500
Dallas, TX 75202
214-855-3000
214-580-2641 fax
Email: doneil@ccsb.com

This 10TH day of November, 2021.

          **OLES LAW GROUP**

          /s/ David E. Oles
          David E. Oles, Sr.
          Attorney for Plaintiff

                                    Georgia Bar No. 551544
                                    5755 Northpoint Parkway
                                    Suite 25
                                    Alpharetta, GA 30022
                                    (770) 753-99995
                                    firm@deoleslaw.com

UNITED STATES DISTRICT COURT
for the
NORTHERN DISTRICT OF GEORGIA

ROBERT L. BARKLEY,

       Plaintiff,  **CIVIL ACTION**

 - against -       File No.: 1:21-cv-3763

STACKPATH, LLC, et al

       Defendants

### L.R. 7.1(D) CERTIFICATION

The foregoing document, Plaintiff's Memorandum of Law In Support of Plaintiff's Motion for Leave to Amend the Complaint, has been prepared with Century Schoolbook 13-point font.

This 10th day of November, 2021.

           **OLES LAW GROUP**
           */s/ David E. Oles*
           David E. Oles
           GA Bar No. 551544
           5755 Northpoint Parkway Suite 25
           Alpharetta, GA  30022
           770-753-9995
           firm@deoleslaw.com
           Attorney for Plaintiff